| | AUSA: | Susan Fairchild | Telephone: (313) 226-9577 |
|---|---|---|---|
| Officer: | ☑ | Joseph S. Russ | Telephone: (313)559-4642 |

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the

### Eastern District of Michigan

United States of America
   v.
Alfonso LOPEZ CASTRO

Case No.   2:26−mj−30124
Assigned To : Unassigned
Assign. Date : 3/6/2026
Description: cmp usa v. Alfonso Lopez
Castro (da)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 5, 2026 _____ in the county of _____ Wayne _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) & (b)(1) | Unlawful Re-Entry Following Removal, Prior Felony Conviction |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joseph S. Russ, CBP Officer
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _____ March 6, 2026 _____

_____
*Judge's signature*

City and state: Detroit, MI

Hon. Elizabeth A. Stafford, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Joseph S. Russ, being duly deposed and sworn, states:

1.      I am an Officer with the United States Department of Homeland Security (DHS), Customs and Border Protection (CBP). I have been employed with the same for over fourteen years. During my career as a law enforcement officer, I have been involved in various investigations and arrests concerning the re-entry of removed aliens and I have received training in this area.

2.      The information set forth below is for the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all the information collected during my investigation.

3.      Defendant, Alfonso LOPEZ CASTRO, is a 54-year-old male native and citizen of Mexico, who last entered the United States at or near an unknown place, on or about an unknown date, without being inspected, admitted, or paroled into the United States by an immigration officer.

4.      On March 5, 2026, at approximately 08:50 am, LOPEZ CASTRO was transported to the Detroit Canada Tunnel by CBP after he was apprehended during CBP enforcement operations in Detroit, MI, near his residence. Following a traffic stop, he was transported to the Detroit Canada tunnel for processing.

5.      In the secondary inspection area LOPEZ CASTRO's fingerprints were queried through the Automated Fingerprint Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS) which resulted in matches to Fingerprint Identification Number (FIN) XXXXXX6652 and FBI number XXXXX7CE8, which correspond to the immigration actions and criminal history noted below.

6.      I queried LOPEZ CASTRO through the Enforce Alien Removal Module (EARM), an immigration database maintained by DHS which contains information about aliens who are removed from the United States and found him to be a match to Alien File XXX XXX 441, as well as the immigration arrests, criminal arrests and convictions, and removals noted below.

7.      On or about August 7, 2014, LOPEZ CASTRO was arrested by US Border Patrol at or near Hidalgo, Texas after he illegally entered the United States from

1

Mexico without being inspected, admitted, or paroled and was given a Voluntary Return to Mexico.

8.     On or about August 9, 2014, LOPEZ CASTRO was arrested by US Border Patrol at or near Rio Grande City, Texas after he illegally entered the United States from Mexico without being inspected, admitted, or paroled. He was issued an Expedited Removal Order, pursuant to Section 235(b)(1) of the Immigration and Nationality Act (INA), as amended.  He was removed to Mexico on or about August 10, 2014, via Hidalgo, Texas.

9.     On or about August 13, 2014, LOPEZ CASTRO was arrested by US Border Patrol at or near Rio Grande City, Texas after he illegally entered the United States from Mexico without being inspected, admitted, or paroled was issued a Reinstatement of Prior Removal Order pursuant to Section 241(a)(5) INA.  On or about August 14, 2014, LOPEZ CASTRO was removed to Mexico via Hidalgo, Texas.

10.    On or about August 19, 2014, LOPEZ CASTRO was arrested by US Border Patrol at or near Rio Grande City, Texas after he illegally entered the United States from Mexico without being inspected, admitted, or paroled was issued a Reinstatement of Prior Removal Order pursuant to Section 241(a)(5) INA.  On or about August 20, 2014, LOPEZ CASTRO was removed to Mexico via Hidalgo, Texas.

11.    On or about October 26, 2014, LOPEZ CASTRO was arrested by US Border Patrol at or near Hidalgo, Texas after he illegally entered the United States from Mexico without being inspected, admitted, or paroled was issued a Reinstatement of Prior Removal Order pursuant to Section 241(a)(5) INA.  On or about October 27, 2014, LOPEZ CASTRO was removed to Mexico via Hidalgo, Texas.

12.    On or about November 26, 2014, LOPEZ CASTRO was arrested by US Border Patrol at or near Hidalgo, Texas after he illegally entered the United States from Mexico without being inspected, admitted, or paroled was issued a Reinstatement of Prior Removal Order pursuant to Section 241(a)(5) INA.  On or about November 29, 2014, LOPEZ CASTRO was removed to Mexico via Brownsville, Texas.

2

13. On or about June 12, 2015, LOPEZ CASTRO was arrested by US Border Patrol at or near Carrizo Springs, Texas after he illegally entered the United States from Mexico without being inspected, admitted, or paroled was issued a Reinstatement of Prior Removal Order pursuant to Section 241(a)(5) INA. On or about June 14, 2015, LOPEZ CASTRO was removed to Mexico via Del Rio, Texas.

14. On or about June 30, 2025, LOPEZ CASTRO presented himself for inspection to CBP at the Paso del Norte port of entry at El Paso, Texas. He presented a New Mexico Driver's License bearing the name Ramon GARCIA CHAPARRO and a date of birth of July 27, 1973. LOPEZ CASTRO was arrested by CBP and was issued an Expedited Removal Order, pursuant to Section 235(b)(1) of the Immigration and Nationality Act (INA), as amended.

15. On or about September 22, 2025, LOPEZ CASTRO was convicted in the US District Court, Western District of Texas for the offenses of Illegal Re-entry, in violation of Title 8 U.S.C. §1326(a) and False Personation in Immigration Matters in violation of Title 18 U.S.C. §1546(a). He was sentenced to three months for each to be served concurrent and a three-year and one-year term of supervised release to run concurrently, respectively.

16. On or about September 26, 2025, LOPEZ CASTRO was removed to Mexico via El Paso, Texas pursuant to the Expedited Removal Order that was initiated on June 30, 2025.

17. I queried LOPEZ CASTRO through the Central Index System (CIS) and Computer Linked Application and Information Management System (CLAIMS). These databases are maintained by DHS and contain information relating to applications for immigration benefits and/or relief. Review of the records for LOPEZ CASTRO and queries in Department of Homeland Security databases confirm that no record exists of him obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States.

18. I queried LOPEZ CASTRO through the Consular Consolidated Database (CCD), a database maintained by the Department of State which contains passport

3

and visa applications and records. I found no record of LOPEZ CASTRO ever having applied for or receiving a United States visa of any kind or classification.

19.    I queried LOPEZ CASTRO through TECS, a United States government database that contains information about all persons who arrive in the United States at designated ports of entry and apply for admission. I found no record of LOPEZ CASTRO ever lawfully arriving or being inspected, admitted, or paroled into the United States by a United States border official.

20.    I queried LOPEZ CASTRO through the Arrival and Departure Information System (ADIS), a United States government database that contains information about all persons who arrive in the United States at designated ports of entry and apply for admission. I found no record of LOPEZ CASTRO ever lawfully arriving or being inspected, admitted, or paroled into the United States at any designated port of entry.

21.    LOPEZ CASTRO was arrested and detained by CBP on March 5, 2026, for administrative processing and initiation of a Reinstatement of Prior Removal Order pursuant to Section 241(a)(5) INA.

22.    The aforementioned arrest (or apprehension) (and subsequent detention) was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, U.S.C. to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

23.    Based on the foregoing, there is probable cause to believe that, on or about March 5, 2026, at or near Detroit, Michigan, in the Eastern District of Michigan, Southern Division, Alfonso LOPEZ CASTRO, an alien from Mexico, was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about September 26, 2025, at or near El Paso, Texas, and having been convicted of a felony offense, and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission, in violation of Title 8, United States Code, Sections 1326(a), and (b)(1).

4

_____
Joseph S. Russ
Customs and Border Protection Officer
U.S. Customs and Border Protection

Subscribed and sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Honorable Elizabeth A. Stafford
United States Magistrate Judge